UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| KEITH RUSSELL JUDD, | ) | Civ. 11-4080-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION TO |
| | ) | PROCEED IN FORMA |
| SECRETARY OF STATE OF | ) | PAUPERIS AND |
| SOUTH DAKOTA; and | ) | DISMISSING CASE |
| STATE OF SOUTH DAKOTA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Keith Russell Judd, moves to proceed in forma pauperis in his lawsuit against defendants. Judd is a federal prisoner incarcerated in Texarkana, Texas. Judd filed a complaint seeking to be placed on the ballot as a candidate for President of the United States in the 2012 South Dakota Democratic Presidential Primary Election. In his complaint, Judd also asks that any South Dakota laws that would prevent his candidacy be declared unconstitutional and that voting rights be restored to all convicted felons, including those currently incarcerated for their crimes. Finally, Judd seeks a preliminary injunction placing him on the ballot for the 2012 Democratic Presidential Primary Election and compelling defendants to register all convicted felons to vote in the 2012 Presidential Election.

Judd has not filed a certified copy of his prisoner trust account with this court, as is required for motions to proceed in forma pauperis under the Prison Litigation Reform Act (PLRA). The PLRA also provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, *on 3 or more prior occasions,* while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C.§ 1915(g) (emphasis added). Because Judd has had at least three civil complaints or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted, he is required to show that he is in "imminent danger of serious physical injury" before he may proceed in forma pauperis. Because Judd does not make this allegation, the court finds there is no need to wait for receipt of a certified trust account statement.

Judd has a lengthy history of frivolous and abusive filings reaching even the United States Supreme Court. *See, e.g., Judd v. United States Dist. Ct. for W. Dist. of Tex.*, 528 U.S. 5 (1999) (per curiam) (finding that Judd had filed twelve petitions for certiorari that were denied as frivolous and that he had "abused this Court's certiorari and extraordinary writ processes"); *Judd v. Lappin*, No. 04-5337, 2004 WL 3019537 (D.C. Cir. Dec. 30, 2004) (per curiam) (finding Judd had incurred three strikes); *Judd v. University of New*

*Mexico*, 204 F.3d 1041, 1044 (10th Cir. 2000) ("Mr. Judd is enjoined from proceeding as an appellant or a petitioner without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se."); *Judd v. Furgeson*, 239 F. Supp. 2d 442, 443 (D.N.J. 2002) ("In this instance, the "three strikes" rule is applied against a plaintiff who has filed over 200 civil actions in the federal courts nationwide, many of which have been dismissed as frivolous[.]") Moreover, an examination of court records shows that Judd has filed lawsuits identical to this one in nearly every district court in the United States. *See, e.g., Judd v. Secretary of State of Montana and the State of Montana*, No. 11-0008, Docket 4, Recommendation and Order (denying leave to proceed in forma pauperis and dismissing suit); *Judd v. Secretary of State of Arkansas and State of Arkansas*, No. 11-4049, Docket 10, Report and Recommendation (recommending that leave to proceed in forma pauperis be denied and that case be dismissed, observing that Judd's "actual allegations appear on their face to be frivolous"). Accordingly, Judd's motion to proceed in forma pauperis is denied pursuant to 28 U.S.C. § 1915(g).

    Judd also moves for a stay pending the resolution of his motion before the Judicial Panel on Multidistrict Litigation. Judd argues his case should be stayed because "one of the issues involved is a waiver of all fees pursuant to the Twenty Fourth amendment and for a determination that the PLRA, 28 U.S.C. § 1915, et. seq., is unconstitutional and does not apply to voting

rights actions." Docket 6. "A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). Because Judd's claims are frivolous on their face and because his complaint has not been served upon defendants, the court finds a stay is not appropriate. Accordingly, it is

ORDERED that Judd's motion to proceed in forma pauperis (Docket 2) is denied and his case is dismissed pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that Judd's motion to stay (Docket 6) is denied.

Dated July 18, 2011.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                CHIEF JUDGE